IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 04–cv–02351–EWN–MEH

N. LEE LACY, an individual, and
ROARING VALLEY FORKS HOLDINGS, LLC
formerly known as TAGERT LAKES HOLDING, LLC
a Colorado limited liability company,

    Plaintiffs,

v.

OLD STANDARD LIFE INSURANCE, INC., an Idaho Corporation;
METWEST MORTGAGE SERVICES, INC., an Arizona Corporation;
METWEST MORTGAGE SERVICES, INC., a Washington Corporation; and
OLD WEST ANNUITY AND LIFE INSURANCE COMPANY, an Arizona
Corporation, and DOES 1 through 25, Inclusive,

    Defendants.

_____

**ORDER AND MEMORANDUM OF DECISION**
_____

On December 1, 2006, after fervently, and ultimately successfully, urging this court to lift its stay on Plaintiffs' action against Defendants so as to be permitted to proceed in all due haste, Plaintiffs filed a motion for summary judgment on their breach of contract claims.  (Mot. to Lift Stay [filed Oct. 27, 2006]; Minute Entry Granting Mot. to Lift Stay [filed Oct. 30, 2006]; Pls.' Notice of Mot. and Mot. for Summ. J. Re: [sic] Breach of Contract Claims Against Defs.; Mem. of Points and Authorities; Decls. of Joel R. Bennett & N. Lee Lacy in Supp. Thereof [filed Dec. 1, 2006] [hereinafter "Pls.' First Br."].)  Plaintiffs' motion was plainly deficient as it failed to

comply with this court's procedural rules. Pursuant to my practice standards, a party seeking summary judgment must comply with the following requirements:

> In a section of the brief . . . styled "Statement of Undisputed Material Facts," the movant shall set forth in simple, declarative sentences, ***separately numbered and paragraphed***, each material fact which movant believes is not in dispute and which supports movant's claim that movant is entitled to judgment as a matter of law.

(Practice Standards — Civil, Special Instructions Concerning Motion for Summary Judgment ¶ 1 [emphasis in original].)  Plaintiffs flatly failed to comply with this requirement.  (Pls.' First Br.)  On December 13, 2006, the parties jointly filed a stipulated motion for leave to file a corrected motion for summary judgment to allow Plaintiffs to comply with this court's procedural rules.  (Jt. Stipulated Mot. for Lv. to File Corrected Mot. for Summ. J. to Comply with the Court's Rules and to Extend Deadlines [filed Dec. 13, 2006].)  This motion stated that "Plaintiffs inadvertently failed to comply with . . . this [c]ourt's Civil Practice Standards and Special Instructions concerning Motions for Summary Judgment, which require the inclusion of a 'Statement of Undisputed Material Facts.'" (*Id.* at 2.)  On December 15, 2006, I granted the parties' motion.  (Minute Order [filed Dec. 15, 2006].)

On December 22, 2006, Plaintiffs filed their "corrected" motion for summary judgment.  (Pls.' Notice of Mot. and Mot. for Summ. J. Re: [sic] Breach of Contract Claims Against Defs.; Mem. of Points and Authorities; Decls. of Joel R. Bennett & N. Lee Lacy In Supp. Thereof [filed Dec. 22, 2006] [hereinafter "Pls.' Second Br."].  This motion includes a section entitled "Statement of Facts," but — confoundingly — fails to "set forth in simple, declarative sentences, ***separately numbered and paragraphed***, each material fact which the movant believes is not in

-2-

dispute." (Practice Standards — Civil, Special Instructions Concerning Motion for Summary Judgment ¶ 1 [emphasis in original].) Instead, Plaintiffs' "Statement of Facts" is written much like a brief, exhibits no numbering, and contains complex paragraphs regarding multiple topics. (*See* Pls.' Second Br.) On January 11, 2007, Defendant Old Standard filed its response brief, making a valiant attempt to cull the facts from Plaintiffs' brief and comply with this court's practice standards. (*See* Def. Old Standard in Rehabilitation's Resp. to Pls.' Mot. for Summ. J. [filed Jan. 11, 2007].) Plaintiffs, however, persisted in their pattern of flagrant disregard for my procedural rules in their reply brief, filed January 29, 2007. (Pls.' Reply Br. in Supp. of Mot. for Summ. J. Re [sic] Breach of Contract Claims Against Defs.; and Mem. of Points and Authorities in Supp. Thereof [filed Jan 29, 2007] [hereinafter "Pls.' Reply"].) Pursuant to my practice standards:

> If the movant desires to file a reply brief, it will:
>     a.    In a separate section styled "Reply Concerning Undisputed Facts," contain any factual reply which movant cares to make regarding the facts asserted in his motion to be undisputed, supported by *specific references* to material in the record. The reply will be made in separate paragraphs numbered according to his motion and the opposing party's response.
>     b.    In a separate section styled "Response Concerning Disputed Facts" (with respect to each fact which the opposing party, pursuant to paragraph 5, claims to be in dispute), either admit that the fact is disputed or supply a *brief* factual explanation for his position that the fact is undisputed, accompanied by a *specific reference* to material in the record which establishes that the fact is undisputed. This will be done in paragraphs numbered to correspond with the opposing party's paragraph numbering.

(Practice Standards — Civil, Special Instructions Concerning Motion for Summary Judgment ¶ 6 [emphases in original].)  Needless to say, Plaintiffs' reply failed to include: (1) a section specifically replying to undisputed facts; (2) a section specifically responding to disputed facts; and (3) numbered paragraphs of any kind.  (*See* Pls.' Reply.)

My special instructions concerning motions for summary judgment are specifically designed to aid the parties and this court in the process of identifying those facts that are disputed and those facts that are undisputed, an essential step in determining the proper outcome of a summary judgment motion.  *See* Fed. R. Civ. P. 56(c) (2007) (stating a court may grant summary judgment only where "there is no genuine issue as to any material fact").  This court has gone to great lengths to ensure that its procedural rules are clearly written and easily understood.  For more years than this court cares to admit, a multitude of attorneys have dutifully followed these simple rules.  It is beyond this court's comprehension how, after explicitly acknowledging their failure to comport with my procedural rules, and even citing my special instructions concerning motions for summary judgment, Plaintiffs *still* so completely failed to adhere to them.  I admonish Plaintiffs' attorneys for wasting this court's time and postponing Plaintiffs' already long-delayed right to a decision on the merits.  Further, I strike Plaintiffs' motion for summary judgment and note that repeated failure to follow my practice standards may result in an order granting other proper relief.  (*See* Practice Standards — Civil, Special Instructions Concerning Motion for Summary Judgment ¶ 8.)

*Conclusions*

Based on the foregoing it is therefore ORDERED as follows:

1. Plaintiffs' motion (# 157) for summary judgment is STRICKEN.

2. Any corrected motion for summary judgment shall be filed by June 15, 2007.

Responsive briefs shall be filed by June 30, 2007. A reply brief shall be filed by July 10, 2007.

Dated this 31st day of May, 2007.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge